## Case No. 10,827.
### PATTERSON v. KINGSLAND.
[8 Blatchf. 278.] [1]

Circuit Court, E. D. New York. March 15, 1871.

WASTE—REMOVAL OF BUILDING FROM MORTGAGED PREMISES—INJUNCTION—DESTRUCTION BY WIND—DAMAGES.

1. P., a mortgagee of real estate, sued K., to recover damages for the removal by K. from the mortgaged premises of a building which K. had erected thereon, by agreement with the owner of the premises, and had removed therefrom after the execution of the mortgage. When K. had removed the building to some distance, P. obtained an injunction restraining the further removal. The building was subsequently blown down by the wind: *Held*, that P. did not, by obtaining such injunction, take control of the building, so as to charge him with its value, as it then stood, or impose upon him the obligation to assume possession of it and replace it on the land.

2. The building being one of such peculiar construction, and so located, as to have no market value, evidence as to its cost was relevant, not as evidence of its value, but to enable the jury to test the worth of the opinions of witnesses as to such value.

[Cited in Kerngood v. Gusdorf, 5 D. C. 162.]

This case came before the court on a motion for a new trial, on the ground of misdirection by the court, and the admission of improper evidence. The action was in the nature of an action of waste, brought by [Henry C. Patterson] the owner of a mortgage on certain premises in Brooklyn, to recover the damages by him sustained by reason of the removal from the mortgaged premises of a certain building which had been erected thereon. It appeared in evidence, that the defendant [George A. Kingsland], who was a carpenter, had constructed the building in question under an agreement with the owner of the land, and that, after the execution of the mortgage to the plaintiff, the defendant, without authority, took possession of the building and moved it off the land. He had moved it as far as into the middle of Jackson avenue, when he was restrained by an injunction obtained by the plaintiff, in a suit commenced by him for the purpose in the state court. Subsequently, the building was removed from the avenue to adjacent land, by some one, and there it was blown down by the wind.

Upon the trial, the plaintiff offered in evidence the specifications under which the building was constructed, and, also, the defendant's own bill of the cost of its construction, amounting to $9,463, which evidence was objected to by the defendant. At the close of the evidence, the following requests to charge, among others, were made: (1.) That the plaintiff had failed to show that the mortgagor was insolvent; (2.) That, on the evidence, the plaintiff was entitled to recover nominal damages only, and that no damages were recoverable for any act of

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

the defendant after the building was removed and placed upon Jackson avenue, when the defendant was stopped by an injunction in favor of the plaintiff, taking the control of the building from the defendant; (3.) That, in estimating the damages, the jury could consider only the evidence of the witnesses called to show the actual value of the building at the time of its removal. These requests were severally denied, and the court charged the jury, that on the evidence, the plaintiff was entitled to recover any loss he had sustained by reason of the removal of the building from the land; that the evidence as to the foreclosure of the mortgage and the amount of the deficiency in the proceeds of the foreclosure sale, did not prove the amount of damage sustained by the plaintiff, but was only important to fix the limit of the amount which the plaintiff could claim; that, without going beyond that limit, the jury should give, as damages, the amount which the premises were shown by the evidence to have been depreciated in value by the removal of the building; that the plaintiff was entitled to recover all the damages to the premises by the removal of the building, within the limit of the deficiency, notwithstanding the fact that the defendant was stopped by an injunction when the building was in Jackson avenue; that the cost of the building did not show its value, and was not the proper measure of damages, but that, in the case of such an erection, the cost was a circumstance which, in connection with the description of the erection, the locality, and the testimony as to value, might be considered by the jury in determining the amount of the loss occasioned by the act of the defendant; and that the measure of damages, within the limit mentioned, was the difference between the value of the property with the building upon it, and its value without the building, at the time of the removal. Objections were taken to these several propositions of the charge.

Theodore F. Jackson and George G. Reynolds, for plaintiff.

Elias J. Beach and Charles Jones, for defendant.

BENEDICT, District Judge. In respect to the first request to charge, it is sufficient to say, that the defendant's complaint, in his suit against the mortgagor, which was in evidence, contains the defendant's declaration of the insolvency and irresponsibility of the mortgagor. That fact was, moreover, conceded, on the trial, and so stated to the jury, without objection.

In respect to the second request to charge, I see no reason for believing that it was improperly refused. The request assumed, as a fact in the case, that the plaintiff had taken control of the building after it was placed on Jackson avenue, whereas, there was no evidence of such a fact. All that

was shown was, that, in some action commenced by the plaintiff, the defendant had been restrained from further removing the building, after it had been taken from the land in question and placed in Jackson avenue. Such an injunction did not give to the plaintiff the control of the building. There was no evidence tending to show that the plaintiff had ever regained the possession of the building. On the contrary, it was destroyed by the wind; and the fact that the plaintiff procured the issuing of such an injunction as described, did not, in law, charge him with the value of the building as it then stood, nor impose upon him the obligation to assume the possession of the building and replace it upon the land.

The remaining question arises on the third request to charge, and the objection to that portion of the charge given which related to the evidence respecting the cost of the building. Upon this question, I remark, that the evidence as to the description of the building removed was clearly material. This evidence showed it was an irregular structure, intended for a sort of barn, with expensive stalls, and stained wood, and painted glass, erected without much regard to expense, and, in many of its features, peculiar. It was erected on a plot of land upon the edge of salt meadows, in a place remote from business. Few buildings were near it, and those of poor character. The tide at times ebbed and flowed under it. Upon the evidence, the building was dissimilar, in its mode of construction, to most buildings constructed for the same use, and was not a building likely to be desired by any one, or that could be put to use by any considerable number of persons, perhaps not by any person, within a reasonable distance from the place of its erection. Such an erection has no market value. There is no market which can fix its value. The method, then, whereby the jury were to be informed as to the amount of damages which its removal caused, was to give them the opinions of men who were acquainted with the property and its surroundings, and the value of property there. Such evidence was given by the defendant. Now, it seems to me, that, in the case of such an erection, the jury are entitled, also to know the cost of the thing, not as evidence of its value, but to enable them the better to test the worth of the opinions of the witnesses. The jury would be sure to use, for that purpose, their own notions of the cost, derived from its description. It would be impossible to exclude the idea of the cost from the deliberations of the jury. Why, then, should they be prevented from having, not an opinion as to its cost, but the fact of its actual cost, coupled, as it was, with the distinct charge, that its cost did not show its value, and that they were not to take the cost as the measure of damages? So the jury understood the charge given, and they used the evidence of cost for

that purpose alone, as their verdict shows, for they did not give the cost, which was over $9,000. I am satisfied that the objection to the charge upon this point cannot be sustained. It seems to me to be correct in principle, and it is sustained by the authorities, even by those cited by the defence.

The motion for a new trial must, therefore, be denied.