Decided 24 July, 1906.

### JENNINGS *v.* OREGON LAND CO.

86 Pac. 367.

VENDOR AND PURCHASER—MEASURE OF DAMAGES FOR BREACH BY VENDOR OF CONTRACT TO CONVEY.

1. The measure of damages for a refusal by a vendor to convey under his contract is the value of the property at the time of the breach, less liens which the purchaser has allowed to accrue thereon.

For instance: A land owner agreed to convey several lots to a hotel manager, in consideration of having a hotel erected thereon within a stated time. This was done though several liens were in force against it, but the owner refused to convey. In an action of damages for such refusal the measure of recovery is the value of the land with its improvements at the date of the breach, less the sum of the accrued liens, and not the land plus the cost of the labor and material.

DAMAGES FOR REFUSAL TO CONVEY—COMPETENCY OF EVIDENCE.

2. In order to enable a jury to estimate the value of a building that has no market value, owing to its location and size, and to test the

value of opinion evidence on the subject, it is competent to present to the jury the items and expense of construction.

HARMLESS ERROR—EXCLUSION OF EVIDENCE—SUBSEQUENT ADMISSION.

3. In an action for breach of a contract the sustaining of objections to questions to witnesses as to whether there was any prior contract between the parties was not injurious to the party propounding the questions, where it appeared that witnesses were subsequently permitted to testify to all the circumstances surrounding the contract and the negotiations between the parties.

ESTOPPEL BY ADMISSION.

4. In an action for damages for breach of defendant's agreement to convey land to plaintiff, the complaint having alleged a demand and refusal, and the answer not having denied the allegation, and having admitted that plaintiff had demanded a conveyance, defendant could not on trial question the sufficiency of plaintiff's demand.

From Morrow: WILLIAM R. ELLIS, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is an action by Sarah C. Jennings and her husband against the Oregon Land & Water Co. to recover damages for the breach of a contract for the sale of real estate. On June 27, 1904, the defendant corporation, through its superintendent and manager, F. B. Holbrook, made and entered into the following contract with the plaintiff Sarah C. Jennings:

"Irrigon, Oregon, June 27, 1904.

This Agreement, made and entered into the day and year above written, between F. B. Holbrook, superintendent, party of the first part, and Sarah Jennings, party of the second part, Witnesseth:

That the Party of the First Part Hereby Agrees to convey to the party of the second part all the following described property, to wit: Lots 1, 2, 3, 4, and 5, block 37, and lots 25, 21, 22, 23, and 24, block 36, Irrigon, Oregon—in fee simple and free of incumbrances;

And the Party of the Second Part Hereby Agrees, in consideration of the conveyance to them of the said property as above described, to erect on lots in block 37 a hotel building, fifty by eighty (50x80) feet, two stories high, as per plans and specifications furnished the Wind River Lumber Company for material for same, and that work on said building shall commence not later than sixty days from date and be completed not later than twelve months from date.

In Witness Whereof the parties hereto have hereunto set their hands and seals the day and year above written.

Witness: Geo. Jennings.                    F. B. Holbrook, Supt.
                                           Sarah C. Jennings."

The complaint alleges that within 60 days after the making of the contract Mrs. Jennings commenced the construction of the building as agreed upon, and fully completed the same according to plans and specifications before the expiration of the time stipulated; that thereafter she demanded of defendant a deed for the real property described in the contract, and that it failed and neglected to make the same and repudiated the contract, declaring that it never would convey such real estate to her; that the real property, with the building thereon, was at the time of the breach by defendant of the reasonable value of $8,000; and that plaintiff is damaged in such sum—and prays judgment accordingly. The answer admits the execution of the contract as alleged, the demand by plaintiff for a conveyance of the property, and the defendant's refusal to make the same, but denies generally all the other allegations of the complaint. For an affirmative defense it is alleged that the sole consideration for the agreement was the construction and maintenance by Mrs. Jennings of a first-class hotel on the property agreed to be conveyed to her, and that she had failed and neglected to comply with her contract, and had suffered liens and incumbrances to be placed on the property in excess of its value. The reply denied generally all the allegations of the answer. Upon the issues thus joined the cause was tried to a jury, and a verdict returned in favor of the plaintiff for $3,200. From a judgment entered thereon the defendant appeals.          AFFIRMED.

For appellant there was a brief over the names of *J. Thorburn Ross, William Ambrose Munly, John K. Kollock* and *Redfield & Van Vactor,* with an oral argument by *Mr. Munly.*

For respondents there was a brief over the names of *Ben F. Tweedy* and *C. E. Woodson,* with an oral argument by *Mr. Woodson.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. The first assignment of error is the admission in evidence of the testimony of W. S. Jennings, giving the names of a portion or all the workmen employed in the construction of the building, the number of days each was employed, and the value

(48th Or.—19)

of his services. Jennings was the architect who prepared the plans and specifications and was foreman of the work. He testified that the building was completed according to plans and specifications and was reasonably worth $6,000. He described its character, the size and number of the rooms, the size and character of the materials, and said he did not know whether he had the names of all the people who worked on it or not, but, over an objection and exception of the defendant, was permitted to give the names of such as he could recall, and the number of days each worked, and the value of his services. The objection to this testimony is that the measure of damages for a breach of the contract by defendant is the value of the property at the time of the breach, less the liens which had been allowed by plaintiff to accrue thereon, and not the cost of the labor and materials which entered into the building: *Neppach* v. *Oregon & Cal. R. Co.* 46 Or. 374 (80 Pac. 482). This rule is undisputed, and was adhered to by the court throughout the trial and in its instructions to the jury.

2. The testimony in question was not offered or admitted as proof of the value of the building, or of itself determinative of the measure of damages. It was admitted for whatever the jury might consider it worth in arriving at a proper estimate of the value of the building in connection with the other evidence on the subject. For this purpose it was, we think, competent: 16 Cyc. 1133; *Markowitz* v. *Kansas City,* 125 Mo. 485 (28 S. W. 642, 46 Am. St. Rep. 498). The building was a large structure 50 by 80 feet in size, two stories high, erected in an embryo town of 200 or 300 inhabitants. It was the largest building in the place, practically in a class by itself, and had no market value. Testimony as to its cost was, therefore, proper, not as of itself proof of value, but to aid the jury to arrive at an accurate conclusion in the matter, and to enable them to test the worth of the opinion evidence on that subject: *Patterson* v. *Kingsland,* 8 Blatchf. 278 (Fed. Cas. No. 10,827); *Richmond* v. *D. & S. R. Co.* 40 Iowa, 264; *Faust* v. *Hosford,* 119 Iowa, 97 (93 N. W. 58); *Memphis* v. *Kimborough,* 12 Heisk. 133.

3. The next assignment of error is based upon the refusal

of the court to permit Holbrook, a witness for the defendant, to answer a question as to whether there was any prior contract between Mrs. Jennings and the defendant entered into as an inducement to the execution of the contract sued on, and the refusal to permit Roderock, another witness for the defendant, to answer the question, "Will you state the circumstances surrounding the execution of this contract at the time of its execution, in so far as you know them of your own knowledge?" It does not appear from the bill of exceptions what facts defendant expected to elicit by these questions, nor do the answers desired appear from the form of the question. It is therefore doubtful whether, under the rule announced in *Kelley* v. *Highfield,* 15 Or. 277 (14 Pac. 744), and since followed by this court, the exception presents any question for review. But, however that may be, the position of the defendant seems to be that the specifications referred to in the contract were simply a bill of lumber and material furnished a mill company, and it therefore had a right to show by the witnesses the kind and character of the building plaintiff promised to construct. Accompanying the record and referred to in the bill of exceptions as an exhibit is a transcript of all the testimony in the case. It appears therefrom that the objections made to these questions and the rulings of the court thereon went to their form, rather than to their substance, and that the witnesses were in fact permitted to testify at length without objection as to all the circumstances surrounding the execution of the contract and the negotiations between the parties. The ruling of the court complained of could not, therefore, have been injurious to defendant.

4. It is next contended that there was no sufficient demand for a conveyance made by the plaintiff prior to the commencement of the action. There was no issue upon that question. The complaint alleges a demand and refusal, and this averment is not traversed. Moreover, the answer expressly admits that "defendant has not delivered the deed of conveyance to the plaintiffs of the property described in the complaint and that plaintiffs had demanded a conveyance of the same." Having

made this unqualified admission of a demand and refusal, the defendant was not in a position to question the sufficiency thereof on the trial: 11 Am. & Eng. Encyc. Law (2 ed.), 447; *Smith's Estate*, 43 Or. 595 (73 Pac. 336, 75 Pac. 133).

There being no error in the record, the judgment is affirmed.

AFFIRMED.

Decided 31 July, 1906.