Argued January 28, decided February 18, rehearing denied March 17, 1908.

## IRELAND v. WARD.

[93 Pac. 932.]

PLEADING—COMPLAINT—MOTION TO MAKE MORE DEFINITE—HUSBAND
  AND WIFE—ALIENATION OF AFFECTION.

1. It is not error to overrule a motion to make more specific a complaint
alleging that defendant "seduced" plaintiff's wife and enticed her away,
where plaintiff's counsel stated that he intended to charge adultery by defend-
ant and plaintiff's wife, whereupon defendant's counsel remarked, "That is
all I want to know," and the case was tried on the theory of the explanation
given.

WORDS AND PHRASES—"SEDUCE."

2. The word "seduce," when used to denote the conduct of a man toward a
woman, is generally understood to mean the use of some influence, promise,
arts, or means on his part by which she is induced to surrender her chastity
to his embraces.

TRIAL—RECEPTION OF EVIDENCE—SHOWING GROUNDS FOR ADMISSION.

3. A witness, becoming ill during cross-examination, was excused for the
time, and afterward her physician was asked, "What is her condition, and
what is its cause, if you can tell?" Held that, as the question did not suggest
the answer desired, and counsel did not state that he expected to show by
the expected answer that her illness was real, and not simulated, in order to
avoid further cross-examination, sustaining an objection to the question was
not error.

APPEAL AND ERROR—RECORD—GROUNDS OF REVIEW.

4. Error, if any, in overruling an objection to remarks of counsel, is not
available, where the exceptions do not show that the remarks were not a
proper answer to remarks by the opposing counsel.

HUSBAND AND WIFE — ALIENATING AFFECTIONS — MATTERS TO BE
  SHOWN.

5. To maintain an action for the alienation of the affections of plaintiff's
wife, and enticing her away, it is not necessary to show that defendant had
sexual intercourse with her.

From Lane: LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by William H. Ireland against Albert
J. Ward to recover damages for the alleged alienation
of the affections of the plaintiff's wife. The complaint
avers the marriage of the plaintiff and his wife; the
existence of the connubial relation at all times stated
herein; that the spouses lived happily together until
their domestic felicity was disturbed by the wrongful
acts and conduct of the defendant, specifically setting
them forth; that the defendant, by means of undue

influence, and with intent to injure the plaintiff, maliciously seduced the latter's wife and alienated her affections from her husband; and that in May, 1905, the defendant, intending to deprive the plaintiff of the comfort, society, fellowship, and assistance of his wife, maliciously enticed her away from him. A motion to make the complaint more definite and certain having been overruled, an answer was filed denying generally each allegation of the complaint, on which issues the cause was tried; and a judgment having been rendered against the defendant for the sum of $5,000, he appeals.

. AFFIRMED.

For appellant there was a brief over the names of *Mr. Lark Bilyeu* and *Woodcock & Potter*, with oral arguments by *Mr. Bilyeu* and *Mr. Woodcock*.

For respondent there was a brief and an oral argument by *Mr. John M. Williams*.

MR. JUSTICE MOORE delivered the opinion of the court.

1. It is contended by defendant's counsel that an error was committed in denying the motion to make the complaint more definite and certain. The bill of exceptions states that when this motion was argued, the plaintiff's counsel admitted that he intended to charge in the complaint, by the use of the word "seduced," that the defendant had committed adultery with the plaintiff's wife, whereupon the defendant's counsel remarked: "That is all I want to know."

2. Webster's International Dictionary defines the word "seduce" as follows: "To draw aside from the path of rectitude and duty in any manner." The word "seduce," however, when employed to denote the conduct of a man towards a woman, is generally understood to mean the use of some influence, promise, arts, or means on his part by which she is induced to surrender her chastity and virtue to his embraces: *Patterson* v. *Hayden*, 17 Or. 239 (21 Pac. 129: 3 L. R. A. 529: 11 Am.

St. Rep. 822·). The word under consideration is susceptible to two meanings; but as the plaintiff's counsel stated the sense in which he intended to employ the term, and his explanation being satisfactory, no error was committed in denying the motion. The cause was tried upon the averments of the complaint as though it specifically charged the defendant with alienating the affections of the plaintiff's wife by committing adultery with her, and also by unlawfully enticing her away from her husband.

3. Mrs. Ireland appeared at the trial herein as a witness for the defendant, but on her cross-examination she became ill, whereupon the plaintiff's counsel waived the right to obtain from her any further testimony. She was taken to a room in the court house, and Dr. J. W. Harris, a graduate of medicine, waited upon her, and thereafter, appearing as a witness for the defendant, he was interrogated, in relation to the patient, as follows: "What is her condition, and what is its cause, if you can tell?" An objection to the question, on the ground that it was immaterial and incompetent, having been sustained, an exception was allowed. It is maintained that an error was thus committed, the defendant's counsel arguing that the question was intended to show that the illness of the witness was real, and that her physical condition was not simulated in order to avoid cross-examination. If, from the form of a question propounded to a witness, the answer is apparent, it is not necessary for counsel, when an objection is interposed, to state to the court what reply is reasonably expected to the interrogatory, for that is obvious: *Stanley* v. *Smith,* 15 Or. 505 (16 Pac. 174) ; *State* v. *Savage,* 36 Or. 191 (60 Pac. 610, 61 Pac. 1128) ; *Beers* v. *Aylesworth,* 41 Or. 251 (69 Pac. 1025). Where, however, the answer solicited is not manifest from an inspection of the question asked, and an objection to the inquiry is urged, it is incumbent upon counsel conduct-

ing the examination to state what reply he reasonably expects from the witness: *Kelley* v. *Highfield*, 15 Or. 277 (14 Pac. 744) ; *State* v. *Bartmess*, 33 Or. 110 (54 Pac. 167) ; *Jennings* v. *Oregon Land Co.* 48 Or. 287 (86 Pac. 367). A statement by the physician of the nature of Mrs. Ireland's sudden illness, or the causes that contributed to her indisposition, would not, in all probability, have disclosed the answer which is now claimed by counsel that they desired to elicit from him. It is not to be supposed that her sickness was caused by nervous prostration, superinduced by the rigid cross-examination to which she was subjected, for, if such had been the case, the court would have undoubtedly permitted the question to have been answered. Testimony tending to show any other form of disease would have been immaterial; and, as no statement was made by defendant's counsel of the reply reasonably to be expected from the inquiry, and the question asked did not suggest the answer now desired, no error was committed in sustaining the objection.

4. The plaintiff's counsel, in his closing argument, stated to the jury that Mrs. Ireland's illness deprived him of an important right, and that, if he could have further cross-examined her, he might have been able to produce much testimony favorable to his client. An objection to this remark having been overruled, and an exception allowed, it is insisted that an error was committed. An attorney, in arguing a cause to a jury, ought to confine his remarks to the facts in evidence, and for any departure from this requirement it should be the duty of a court to interrupt the discourse, and particularly so, when attention is called thereto, and objection made on that ground. An attorney is entitled to advert to such reasonable inferences as he thinks are deducible from the evidence. A sense of fair treatment also prompts a court to permit, over objection and exception, a reply to be made to the argument which the opposing

counsel have advanced. In civil actions, unless the
remarks of an attorney are clearly without the legitimate
range of the evidence, the bill of exceptions ought to
show that the language complained of was not provoked.
The reason for this rule is stated in a note to the text
in 2 Enc. Pl. & Pr. 732, as follows:

"Remarks which would not be primarily legitimate
may under all the circumstances be entirely within
bounds as answers to statements or arguments of oppos-
ing counsel."

The bill of exceptions does not show that the obser-
vations to which exceptions were taken were not insti-
gated by adverse remarks. Whether or not the infer-
ence which plaintiff's counsel sought to establish from
his preclusion of a complete cross-examination of Mrs.
Ireland is a legitimate deduction which entitled him,
in a civil action, to comment thereon before the jury,
is not necessary to determine at this time, for the re-
marks are not, in our opinion, such a violation of the
privilege of an attorney as, in the absence of the show-
ing mentioned, would render the argument objectionable;
and hence, if an error was committed, it has not been
made available.

5. The court charged the jury, in effect, that, if they
should find that the defendant, by his intentional acts
or conduct, alienated the affections of Mrs. Ireland, or
by such means caused her to remain away from her
husband, it was not necessary to prove that the de-
fendant had sexual intercourse with her to entitle the
plaintiff to recover a judgment herein. An excep-
tion having been taken to this instruction, it is con-
tended that an error was committed in giving it. It
is argued that the gravamen of the charge, as explained
by plaintiff's counsel when the motion to make the com-
plaint more definite and certain was interposed, is the
alleged violation by the defendant of the chastity of
the plaintiff's wife; and, the cause having been tried

on that theory, the jury were erroneously permitted to place their verdict on another ground. "The action for seducing the wife away from the husband," says a noted author, "is by no means confined to the case of improper and adulterous relations; but it extends to all cases of wrongful interference in the family affairs of others, whereby the wife is induced to leave the husband, or to so conduct herself that the comforts of the married life is destroyed": Cooley, Torts (3 ed.), *264. The gist of the action by a husband for enticing away his wife, without justifiable cause. is the loss of the comfort, society, and services of the wife (*Barnes* v. *Allen,* 40 N. Y. *390), and the allegation and proof of adultery, are not necessary to the maintenance of such an action: *Higham* v. *Vanosdol,* 101 Ind. 160; *Adams* v. *Main,* 3 Ind. App. 232 (29 N. E. 792: 50 Am. St. Rep. 266). The gist of the complaint is not the commission of adultery, but the alienation of the wife's affections; and hence the instruction complained of was authorized, and no error was committed in giving it.

Other exceptions are noted, but deeming them unimportant, the judgment is affirmed.        AFFIRMED.

---

Decided January 21, 1908.