### GREEN et al. v. CROUCH.

### No. 1319.

Court of Civil Appeals of Texas. Waco.

March 2, 1933.

R. L. House and R. H. Mercer, both of San Antonio, for appellants.

J. M. Woods, T. J. Newton, and W. P. Camp, all of San Antonio, for appellee.

ALEXANDER, Justice.

This action was brought by C. A. Crouch against Edward Green and Maryland Casualty Company to recover damages for personal injuries alleged to have been sustained by plaintiff by being struck by an automobile driven by the defendant Green while plaintiff was crossing a street in the city of San Antonio. The case was submitted to the jury on special issues, and, upon the answers of the jury thereto, judgment was entered for the plaintiff in the sum of $2,700. The defendants appealed.

■ Counsel for appellee, in his closing argument to the jury, said: "Gentlemen, I am not going to take these questions up one by one, they have been over that thoroughly with you, but I will say this, that the testimony in this case justifies the rendition of a verdict for this plaintiff, and only by answering Questions from 1 to 8 'Yes' with the exception of Question No. 2, can you render a verdict in his favor."

Counsel for appellants objected to this argument on the ground that it disclosed to the jury the effect of their answers to the issues submitted to them by the court. The court overruled the objection, and counsel for appellee proceeded as follows: ."Gentlemen of the Jury, if you hit a dog with a rock he will howl every time. If I was not within my rights and within my province I would be stopped, and it does not behoove him every time I hit him a blow that hurts him to jump up and squeal and take a bill of exception."

Again counsel for appellee said: "The next question is Question No. 10, 'Did the act of the plaintiff in crossing Hoefgen Avenue at the place where he was crossing at the time of the accident directly cause or directly contribute to cause the accident and injuries, if any, sustained by the plaintiff?' Gentlemen of the Jury, it would make no difference what answer you gave to any other questions in this case, if you answered that question 'Yes' it would absolutely defeat your judgment."

The above argument was improper, and requires a reversal of the case. It is the duty of the jury to answer the special issues as they find the facts to be and without regard to their effect on the judgment to be rendered, and the jury should not be informed as to the effect of their answers. Counsel for appellee not only informed the jury as to the effect of their answers to the issues as submitted, but urged the jury to so answer the issues in order to enable the plaintiff to recover a judgment. Such argument has many

times been condemned. Texas & Pacific Ry. Co. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213, 216; Fidelity Union Casualty Co. v. Cary (Tex. Com. App.) 25 S.W.(2d) 302; Behringer v. South Plain Coaches (Tex. Com. App.) 13 S.W.(2d) 334; H. E. & W. T. Ry. Co. v. Sherman (Tex. Com. App.) 42 S.W.(2d) 241, par. 13.

■ The appellee contends that, since the bills of exception do not affirmatively show that the argument complained of was not provoked by or made in response to argument of opposing counsel, such bills do not show error. This is not the rule. If the argument of counsel complained of was provoked by opposing counsel, the appellee should have had the bills of exceptions qualified so as to reveal this fact. Since the argument complained of was prejudicial and the bills of exceptions do not affirmatively show a justification thereof, error is presumed. Texas Indemnity Ins. Co. v. McCurry (Tex. Com. App.) 41 S.W.(2d) 215, par. 4, 78 A. L. R. 760; Floyd v. Fidelity Union Casualty Co. (Tex. Com. App.) 39 S.W.(2d) 1091; Regester v. Lang (Tex. Com. App.) 49 S.W.(2d) 715, par. 1.

The other errors complained of will not likely arise in the same manner upon another trial, and therefore we do not discuss same.

The judgment of the trial court is reversed, and the cause remanded for a new trial.