Argued October 8; reversed November 9, 1937.

# HALTOM *v.* FELLOWS ET AL.

(73 P. (2d) 680)

*Donald K. Grant*, of Portland (Maguire, Shields & Morrison, of Portland, on the brief), for appellant W. C. Fellows.

*Robert T. Mautz*, of Portland (Wilbur, Beckett, Howell & Oppenheimer and Calvin N. Souther, all of Portland, on the brief), for appellants Howard-Cooper Corporation and V. G. Caldbeck.

*Paul R. Harris*, of Portland (Davis & Harris and Gus C. Moser, all of Portland, on the brief), for respondent.

KELLY, J. Plaintiff alleges in his complaint that the automobile, in which he was riding, was caused to go over an embankment on the right side of the road in order to avoid a head-on collision with the automobile owned by defendant, Fellows.

Plaintiff charges all defendants with gross negligence in driving at an excessive speed, in driving on the left-hand side of said highway, in failing to have said automobile under proper control, and in failing to keep a proper lookout.

Plaintiff charges defendant, Fellows, with additional gross carelessness and negligence in being in the act of lighting a cigarette while traveling around a curve, thus taking his eyes off the road and not having his car under proper control.

Defendants, Caldbeck and Howard-Cooper Corporation, after denying plaintiff's charges of negligence on their part interpose two affirmative defenses, the first being to the effect that while plaintiff was riding as a guest-passenger in the automobile of these defendants their said automobile was caused to leave the highway through no fault on their part, but solely because of the negligence of defendant, W. C. Fellows, in driving at an excessive rate of speed, in driving around a curve in the highway on the left-hand or wrong side thereof; in failing to drive as close as prac-

ticable to the right-hand edge of said highway; in failing to keep a proper lookout; in failing to have his automobile under proper control; and in attempting to light a cigarette while operating his automobile around a curve in a public highway.

As a second affirmative defense, said defendants allege that, if the evidence should establish any gross negligence upon their part, then the plaintiff was guilty of contributory negligence in that he knew of the same, or in the exercise of due care should have known of the same in time to avert said accident by promptly remonstrating with or warning the driver of said vehicle, all of which he failed to do.

The answer of defendant, Fellows, consists of an admission that on or about the 8th day of February, 1936, an automobile owned by defendant, Howard-Cooper Corporation, and occupied by plaintiff was involved in an accident near the city of The Dalles, Oregon, and a denial of every other allegation contained in plaintiff's complaint.

In brief, the evidence discloses that at Pendleton plaintiff made arrangements with defendant, Caldbeck, to ride as a guest with Caldbeck in the automobile driven by Caldbeck intending to go from Pendleton to Portland. They left Pendleton about 9:30 or 10 o'clock in the morning, stopped for lunch at Hermiston at about 11 a. m. The plaintiff testified that the accident happened at about midday. Defendants, Caldbeck and Fellows, fix the time at approximately 1:45 p. m. At the place of the accident there is a curve in the highway. At that place both from the east and the west, there is an ascending grade the apex of which is some distance easterly from the halfway point on said curve. Approaching the place of the accident from the west, the

grade, which, as stated, is an ascending one, is approximately a 4-per-cent grade, while, from the east to the brow of the hill, there is a grade approximately one-half of 1 per cent. The weather had been cold and there were spots of ice on the pavement both to the east and to the west of the scene of the accident. On the southerly side of the road a hill or bluff comes down to the road at the center or midway point of the curve. The two cars were not visible to each other until they were approximately 125 or 150 feet apart. Defendant Fellows' car had skidded and when the two cars came into view of each other the rear wheels of Fellows' car were on his left side of the center of the highway a distance estimated variously from 20 inches to three feet. Fellows managed to right his car and bring it back on his right of the center of the highway while the two cars were from 75 to 80 feet apart. Upon seeing the Fellows car, defendant Caldbeck turned his automobile to his right and was unable thereafter to secure sufficient traction to enable him to remain on the pavement and negotiate the curve. After meeting and passing the Fellows car, the Caldbeck car went off the bank, turned completely over and came to a stop right side up with plaintiff and defendant Caldbeck seated therein practically as they were before the accident. There is testimony to the effect that when the two cars came into view of each other the Caldbeck car was over on its left side of the center of the highway estimated by plaintiff at from 18 to 20 inches and by defendant, Fellows, at somewhat more than that. Defendant, Caldbeck, testified that his left wheels were upon the center of the yellow strip. Mrs. Pickett and Mrs. Fellows, who were occupants of the Fellows car, testified that Caldbeck was cutting the corner. The testimony is likewise conflicting with regard to the speed at which the two cars were driven.

Plaintiff says that the Caldbeck car was traveling at the rate of 50 to 60 miles per hour and that the Fellows car was traveling even faster. Other witnesses fix the speed at 30 to 40 miles per hour as the cars approached each other and less than that when they met and passed each other.

Shortly after the accident, a passing automobile stopped and defendants Caldbeck and Fellows carried plaintiff from the Caldbeck car to the car of the passerby and Caldbeck and plaintiff were then taken to The Dalles. Plaintiff was taken to a hospital at The Dalles where he remained until 6:30 or 7:30 that evening, whereupon he walked with Caldbeck to the railway depot and took the train to Portland. Caldbeck furnished a small sum of approximately 20 cents to enable plaintiff to purchase his ticket from The Dalles to Portland. At Portland, Caldbeck paid the taxicab fare to take plaintiff to his home from the Portland passenger depot. Caldbeck defrayed the hospital expenses including that of an attending physician at The Dalles.

In the brief of defendants Caldbeck and Howard-Cooper Corporation, 13 assignments of error are presented.

Six of the assignments of error in behalf of defendant, Fellows, are the same or similar to the like number presented by his codefendants.

In addition to these six assignments of error, common to both sets of appealing defendants, defendant Fellows presents two more.

The first assignment of defendants, Caldbeck and Howard-Corporation, is based upon the refusal of the court to grant said defendants' motion for an order of involuntary nonsuit.

■ In support of this assignment, it is argued that there is no evidence of gross negligence on the part of defendant Caldbeck. We think that in approaching and entering a curve upon an ascending grade flanked on one side by a bluff and on the other by a 15-foot declevity, a driver, who operates his car at a speed of 50 to 60 miles an hour, where the view is obstructed so that he has a range of only 125 or 150 feet within which to see whether another automobile is approaching or the highway is otherwise obstructed, and where portions of the pavement are icy and smooth, is driving in a manner which can properly be deemed grossly negligent: *Layman v. Heard,* 156 Or. 94 (66 (2d) P. 492).

■ The second assignment of the two defendants jointly appealing urges that error was committed in refusing to permit defendant, Caldbeck, to testify that shortly after the accident the plaintiff stated to him: "What happened to the car that crowded us off the road?"

We think that these defendants were entitled to introduce in evidence the foregoing alleged statement of plaintiff against his interest. Upon the record of this case, however, we think that error thus committed by sustaining their codefendant's objection thereto does not in itself alone constitute grounds for reversal.

The manner in which the accident happened is so plainly reflected in the testimony and plaintiff's mental condition shortly after the accident was such that the testimony of Caldbeck, that plaintiff made the alleged declaration against interest, would not have affected the result.

■ The third assignment is based upon the action of the court in sustaining an objection to a question seeking to elicit from plaintiff an admission on the witness

stand that he had made the foregoing alleged declaration against interest; but, despite the fact that the court sustained the objection, plaintiff, nevertheless, answered the question; and denied having made any such declaration. No motion to strike the answer was made.

■ The fourth assignment of defendants Caldbeck and Howard-Cooper Corporation, being the same as the fifth assignment of defendant, Fellows, charges that the trial court committed error in instructing the jury to the effect that reasonable care enjoins the duty upon the driver of an automobile to keep a reasonable and proper lookout to discover other vehicles using the highway. As stated, defendants, Caldbeck and Howard-Cooper Corporation, in their answer charge defendant, Fellows, with having failed to keep a proper lookout. Plaintiff in his complaint makes a similar charge. While there is no direct testimony upon this issue, we think excessive speed in approaching the curved grade when the view was obstructed as stated (*Cockerham v. Potts,* 143 Or. 80, 95 (20 P. (2d) 423)) and inability of the driver to control his car while upon the curve tends to show a failure to keep a proper lookout for such conditions in the highway and their potential dangers.

■ The fifth assignment of Caldbeck and the Howard-Cooper Corporation being the same as Fellows' first assingment presents a course of conduct, on the part of plaintiff's counsel, which we do not approve, but which in itself alone does not warrant a reversal. Plaintiff's attorney, while examining veniremen on their voir dire, said of and concerning the attorneys for defendant: "They work by the day, you understand, and of course they do not care how much time they put in." This statement was an aspersion upon defendants' attorneys not supported by anything in the record. We

cannot concur with defendant, however, that it implied that defendants were insured and that the attorneys were employed by the insurance company.

■ The sixth assignment of defendants, Caldbeck and Howard-Cooper Corporation, being the same as the second assignment of defendant, Fellows, is based upon the refusal of the court to strike the following statement by plaintiff's attorney made in his opening argument:

"Did he (appellant, V. G. Caldbeck) ever utter one word for that poor unfortunate man (plaintiff), I want to ask you? A young man thirty-five years of age (appellant Caldbeck), bringing that poor old fellow, (plaintiff) down that didn't have the money to pay his transportation?"

This assignment is also based upon the following statement of the court in making said ruling:

"And the argument will proceed. Let me say as to objections for the future—I am not suggesting that you (attorneys for defendants) surrender up any rights but that the objections be well considered and substantial."

In the light of other statements by attorneys for plaintiff, we think that this statement was a part of a plea for sympathy because of the alleged poverty of plaintiff and the alleged affluence of defendants. Such a plea is not justified and while the refusal to strike the statement of plaintiff's attorney last above set out, in itself alone, would not justify a reversal, we are unable to approve the ruling of the court or the implication that defendants' objection to the statement was not well considered and substantial.

■ The other statements of plaintiff's attorney, above alluded to, appear in the seventh assignment of error by defendants, Caldbeck and Howard-Cooper Corporation, which is the same as defendant Fellows'

assignment number three. This assignment is based upon the action of the court in refusing to grant a mistrial by reason of the misconduct of plaintiff's attorney in stating and reiterating in his closing argument to the jury that the defendant had ''money galore''.

The following excerpt of the record presents the question:

''Mr. Moser: I will come to that, yes. Anyway, the testimony was that according to Caldbeck, himself, but Haltom didn't know, that when they got to The Dalles the car that brought them in took him right to the hospital and he was in the hospital at about three or three-fifteen that afternoon and he stayed there until seven or seven-thirty that night; and they ask why didn't we bring the doctor or bring his deposition to prove the condition of Haltom during that time. Oh, what a flimsy question to ask by counsel representing people that have money galore, when we had none. What a flimsy question to ask.

''Mr. Morrison: I ask for a mistrial.

''Mr. Moser: These people have money galore.

''Mr. Morrison: Just a minute, please Gus. I think you wouldn't have said that except for the fact that you are a little tired. I move for a mistrial.

''Mr. Moser: I say these people have money galore.

''Mr. Mautz: We move, on behalf of our clients, for a dismissal of this case because of the misconduct and improper argument of counsel in his argument at this time.

''Mr. Moser: We have a distinguished mining man from Baker of thirty years' experience—

''Mr. Mautz: If the court please.

''Mr. Morrison: Please, Gus, let the court rule.

''Mr. Mautz: If the court should rule adversely to that motion, we wish to save an exception.

''Mr. Morrison: Wait until the court rules.

''The Court: I will deny the motion. You may have an exception.''

The statute provides:

"That evidence is to be estimated not only by its own intrinsic weight, but also according to the evidence which it is in the power of one side to produce and of the other to contradict; and therefore.

"That if weaker and less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust." Section 9-2001, Oregon Code 1930, subdivisions 6 and 7.

Insofar as the foregoing excerpt of the argument of plaintiff's attorney sought to invoke the foregoing statutory provision no fault can be found with it; but we think the plain purpose of stating and repeating that defendants had money galore was to lead the jury to believe that defendants were wealthy and because of that fact the jury, by contrasting defendants' supposed wealth with what plaintiff's attorney had said about plaintiff's poverty, would feel justified in augmenting the amount of plaintiff's recovery. Being unsupported by any testimony and not relevant to any issue in the case, plaintiff should not have made such a statement. The court on its own motion should have rebuked counsel for repeating it and should have declared a mistrial, if, after being thus reproved, counsel had again repeated it.

"The trial court should not permit argument which amounts to an appeal to the jury to give judgment for one party on account of his poverty or the wealth of the opposite party; and trial courts should promptly rebuke counsel who indulge in such arguments. The most effective way of shutting out improper argument is for the trial court to inform the attorney that a verdict obtained by improper remarks will promptly be set aside by the trial court." *Norris v. Railroad,* 239 Mo. 695, 721 (144 S. W. 783, 790).

■ While the court overruled the motion for mistrial and dismissal, later it struck the objectionable statements from the record and instructed the jury to disregard them. We think that this later action of the court did not cure the error.

■ In thus holding, we are not unmindful of the great number of cases where it has been held that error in making improper argument is cured by instructions to the effect that the jury should disregard such argument. The cases are collated in 64 C. J., Subject: Trial, p. 291, § 310, note 15; Ann. Cas. 1917B p. 316; 78 A. L. R. p. 1515; but we consider that the repetition and reiteration of the objectionable statements was gross misconduct; that it was unsupported by any testimony; that it was irrelevant to any issue; that it was wilful and that it was reversible error to overrule defendants' objections to it and their motions against it without promptly instructing the jury to disregard it.

We quote an excerpt from an opinion rendered by the supreme court of North Carolina:

"The judge could not know that the counsel was going to speak of his client as a 'poor widow'. And then the question was, whether he was obliged to stop the counsel then and there, and reprove him, and tell the jury that they must not consider that, or whether he would wait and correct that, and all other errors, when he came to charge the jury. Ordinarily this must be left to the discretion of the judge. But still it may be laid down as law, and not merely discretionary, that where counsel grossly abuses his privilege to the manifest prejudice of the opposite party, it is the duty of the judge to stop him then and there. And if he fails to do so, and the impropriety is gross, it is good ground for a new trial. In the case before us the impropriety was not gross." *Jenkins v. The North Carolina Ore Dressing Co.,* 65 N. C. 563.

■ Despite the final action of the trial court in instructing the jury to disregard the objectionable remarks. of plaintiff's attorney, it is urged by plaintiff that there may have been some statements in defendants' arguments to which said objectionable remarks of plaintiff's attorney were a fair reply, and owing to the fact that defendants' arguments are not in the record this court is unable to say that error was committed. This, in effect, seeks to invoke a presumption that misconduct on the part of an attorney is justified or has been invited, if portions of the record of the trial are omitted from the transcript or bill of exceptions. We are unwilling to recognize any such presumption.

■ The duty rests upon plaintiff, as well as upon the defendant, to see that the bill of exceptions and the transcript of the testimony contain sufficient of the record to enable this court to pass upon the questions presented, not by supposition or conjecture, but fairly upon the actual record made in the trial court.

■ The following cases support the holding that where misconduct is shown in the bill of exceptions it will not be presumed to have been justified or invited by reason of the fact that a record of portions of the proceedings are omitted from the transcript on appeal and from the bill of exceptions: *Norse v. Phillips,* 157 Miss. 452 (128 So. 336); *Goucher v. Woodmen Accident Co. of Lincoln, Neb.,* 104 S. W. (2d) 289, 295; *Texas Indemnity Co. v. McCurry,* 41 S. W. (2d) 215, 78 A. L. R. 760; *Regester v. Lang,* 49 S. W. (2d) 715, 716; *Texas Ind. Ins. Co. v. Clark,* 50 S. W. (2d) 465, 468; *West Texas Utilities Co. v. Renner,* 53 S. W. (2d) 451; *Pfeuffer v. Haas,* 55 S. W. (2d) 111, 116; *Green v. Crouch,* 57 S. W. (2d) 867; *Texas Employers' Ins. Ass'n. v. Phillips,* 68 S. W. (2d) 313.

Plaintiff cites the case of *Ireland v. Ward,* 51 Or. 102 (93 P. 932), and *People v. Chilcott,* 64 P. (2d) 450, 451, as supporting a contrary doctrine.

In the Oregon case of *Ireland v. Ward,* supra, a witness for defendant became ill upon her cross-examination whereupon plaintiff's counsel waived the right of further cross-examination. In his closing argument, however, plaintiff's counsel stated to the jury that this witness's illness deprived him of an important right, and that, if he could have further cross-examined her, he might have been able to produce much testimony favorable to his client. It will be noted that the objectionable remark was not clearly without the legitimate range of the evidence. The holding there is that, unless the remarks are clearly without the legitimate range of the evidence, the bill of exceptions ought to show that the language complained of was not provoked. The court declined to decide whether or not the inference which plaintiff's counsel sought to establish from his preclusion of a complete cross-examination of the witness was a legitimate deduction which entitled him to comment thereon before the jury.

In the case at bar, the statement that defendants had money galore, its repetition after objection by defendants, and its reiteration thereafter, clearly distinguish this case from the case of *Ireland v. Ward,* supra.

The earlier case of *Trickey v. Clark,* 50 Or. 516, 527 (93 P. 457), holds that where the court overruled the objections to certain statements in the argument of plaintiff's attorney, for the reason that the argument was fairly an answer to the contention of defendants, the absence from the record on appeal of the argument of defendants' counsel prevents the appellate court from saying that the ruling of the trial court was error.

In the case at bar, as stated, the trial court ultimately concluded that the objectionable remark was unwarranted and instructed the jury to disregard it.

In the case of *People v. Chilcott,* supra, the objectionable statement was made by the district attorney in his closing argument and its context plainly discloses that it was in answer to a charge or insinuation made by defendants' counsel. The cases cited in the Chilcott case are controlled by section 7 of rule 2 of the rules of the California supreme court and district courts of appeal and disclose that the objectionable statements were in answer to arguments made by opposing counsel.

We are unable to follow plaintiff's contention that, because it appears in evidence that defendant, Caldbeck, added a few cents to plaintiff's funds to enable him to buy a ticket from The Dalles to Portland, paid for the lunch at Hermiston, defrayed the hospital and medical expense at The Dalles and paid plaintiff's taxicab fare in Portland, we are to presume that the assertion that the defendants have ''money galore'' was in answer to argument made by defendants' attorney. On the contrary, it was, as shown by the transcript, an unwarranted statement supplementing reference to opposing attorney's question asked why plaintiff did not secure the deposition of the doctor, who attended plaintiff at The Dalles. There was nothing in the question provocative of an outburst that defendants have ''money galore''. Obviously, the learned trial judge, upon mature reflection, came to this conclusion. The record admits of no other.

Plaintiff requested an instruction which the court gave to the effect that skidding, caused by the negligence of a party, does not absolve such party from such negligence. The giving of this instruction consti-

tutes the eighth assignment of error by defendants Caldbeck and Howard-Cooper Corporation. We think that the assignment is untenable.

■ Just prior to giving the statutory instructions, the court made the following statement to the jury:

"The legislature has enacted a law that is not intended to be disciplinary or to lay down a channel that you are to operate in, but to be helpful to you in exercising the function of a jury and in this statute they specify certain things."

This action by the court is the basis of assignment of error number nine by defendants Caldbeck and Howard-Cooper Corporation and assignment number eight by defendant Fellows.

We think that the court erred in making that statement. Observance of the statutory instructions is a prime canon of discipline in all cases where the services of a jury are involved. We think that these statutory provisions do lay down a channel in which the jury should operate.

■ By their tenth and eleventh assignment of error the defendants Caldbeck and Howard-Cooper Corporation contend that error was committed by reason of the refusal of the court to give their requested instructions upon the duty of an occupant in an automobile to remonstrate against the negligence of the driver thereof and the court's failure to give the various definitions of gross negligence requested by them. We think the court adequately covered these phases of the law in its instructions and no error was committed by refusing to repeat and rerepeat the same.

■ The court instructed in effect that plaintiff could not recover for aggravation of an old hernia, because aggravation is not pleaded in plaintiff's complaint, and

then added: "However, if you find a new hernia was caused as a result of the accident, plaintiff would be entitled to recover upon this item of damage."

Defendants, Caldbeck and Howard-Cooper Corporation, base their twelfth and defendant Fellows bases his sixth assignment of error upon the last above-quoted sentence of the court's instructions. Manifestly, this statement constitutes error. It is inconsistent with the court's later statement as follows:

"The fact that I have instructed you upon the subject of damages, or do instruct you upon the subject of damages, does not mean that in the court's opinion the plaintiff is or is not entitled to recover in this case. The court expresses no opinion on that one way or the other."

■ The thirteenth assignment by defendants, Caldbeck and Howard-Cooper Corporation, challenges the propriety of telling the jury the amount of damages claimed by plaintiff in his complaint and instructing them that in no event should the jury award a greater recovery than the amount so demanded. We think that this assignment is untenable.

■ The fourth assignment of error interposed by defendant, Fellows, alleges that the court erred in instructing the jury as follows:

"Skidding is not in and of itself evidence of negligence. However, when a car skids on the left-hand side of the highway and invades that portion of the highway properly belonging to a motor vehicle approaching in the opposite direction, the burden is upon the driver upon the wrong side of the highway to justify his violation of the law of the road."

The vice of the foregoing instruction lies in shifting the burden of proof to defendant, which, under the law is upon plaintiff, and in indicating that the skidding

of an automobile on to the left-hand side of the road constitutes a violation of the law of the road.

■ There may be an inference of a violation of the law of the road where a car skids to the left side and collides with another automobile, but it is an inference of fact and not one of law.

The eighth assignment by defendant Fellows challenges the propriety of the court's illustration of the principle that varying circumstances demand varying degrees of caution and circumspection. We find no reversible error in the illustration.

Because of the misconduct of counsel in wilfully contrasting the alleged poverty of plaintiff with the alleged wealth of defendants and the errors above mentioned in the instructions of the court, the judgment of the circuit court is reversed and the cause remanded for such further proceedings as may not be inconsistent herewith.

BEAN, C. J., and RAND and ROSSMAN, JJ., concur.