Argued June 30, affirmed September 10, petition for
rehearing denied October 13, 1964

MOYER ET AL *v.* GRAHAM ET AL

395 P. 2d 175

*Robert W. DeArmond,* Salem, argued the cause and filed briefs for appellant Margaret Ramseyer. With him on the briefs were DeArmond & Sherman and Burt & Ertsgaard, Salem.

*Charles D. Burt,* Salem, argued the cause and filed briefs for appellants Donald W. Ramseyer and Lois Ramseyer. On the briefs were Burt & Ertsgaard and DeArmond & Sherman, Salem.

No appearance for appellant, Jack Graham, administrator of the estate of Ivan C. Ramseyer, deceased.

*John R. Latourette,* Portland, argued the cause for respondents. With him on the brief were Latourette, Latourette & Dickinson, Portland and John H. Hall, Newport, for respondents Moyer; Mautz, Souther, Spaulding, Kinsey & Williamson and Raymond P. Underwood, Portland, for intervenor-respondent, Pope & Talbot, Inc.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN and GOODWIN, Justices.

## SLOAN, J.

Plaintiffs-purchasers were awarded damages in this action for breach of a contract for the sale of real property. The contract of sale was one which had given plaintiffs possession of the property prior to full payment and delivery of title. The contract also contemplated that plaintiffs would erect a mill, construct roads and build a railroad siding and make other improvements before title was conveyed. When the final payment was tendered defendants were unable to give title to all of the property described in the contract. The breach was material. This action for damages followed. The action was originally met with a claim for reformation of the contract. This issue was disposed of against defendants on a prior appeal in the case of *Moyer et ux v. Ramseyer et al*, 1961, 226 Or 122, 359 P2d 407. The case was then tried on the issue of damages and upon plaintiffs' recovery, defendants brought this appeal. The detailed facts are found in the prior decision.

■ It was said above that when the final payment was tendered defendants were unable to perform. Defendants claim no valid tender was made. It is clear from the evidence that a tender was made and refused. The question warrants no further mention.

■ The more substantial question on appeal concerns rulings of the trial court which permitted plaintiffs to present evidence of the costs of the improvements made on the property before defendants' default. There was irrefutable evidence that the most extensive improvements were not moveable or had little value other than for the purposes for which they were placed upon the property; and the improvements were those contemplated by the contract. Upon these facts

and on the authority of *Jennings v. Oregon Land Co.,* 1906, 48 Or 287, 86 P 367, the evidence was admissible. McCormick, Damages, 1935, § 183, page 697, 3 Sedgwick, Damages (9th ed 1891), § 1018, page 2131.

■ Another assignment asserts error because in the instructions the court told the jury that the amount of the unpaid purchase price was $10,865. Defendants say that this was error because it accepted plaintiffs' evidence of tender. We have already held that the evidence of tender was conclusive. In argument here defendants do not state by what amount the figure given was in error, if any. There was, however, no other computable evidence on the subject. It may be that the question should have, as a formality, been submitted to the jury. But if it were error for the court to have specified the amount it was not prejudicial in any respect.

■ In further regard to damages defendants complain because the trial court failed to give an instruction on the duty of plaintiffs to have minimized the damages. Plaintiff A. S. Moyer did testify that he had credited defendants with all salvageable property but that most of the improvements, for obvious reasons, were of no value except for his thwarted purpose of operating a mill to produce piling. There was no evidence at all to which the jury could have applied the instruction if it had been given. The instruction would have permitted nothing but speculation.

■ Error is assigned for the failure of the court to order an involuntary nonsuit at the conclusion of plaintiffs' case. Again, this argument is directed at a lack of tender. The motion also mentioned that there was no evidence of damage. There was evidence, beyond dispute, of the breach of the contract and evidence of

damage. The motion was not well taken. *Schafer et al v. Fraser et ux,* 1956, 206 Or 446, 487, 290 P2d 190, 294 P2d 609.

The other assignments of error have been reviewed and no error has been found. The judgment must be affirmed.