LARSON, Appellant, v. DOUGHERTY, Respondent

(29 N. W.2d 383.)

(File No. 8931. Opinion filed October 28, 1947.)

**Henry C. Mundt,** of Sioux Falls, for Plaintiff-Appellant.

**T. J. Barron** and **Gene Pruitt,** both of Sioux Falls, for Defendant-Respondent.

RUDOLPH, J. On May 3, 1946 plaintiff purchased from the defendant certain real property located in the city of Sioux Falls. In March of 1945 proceedings had been commenced by the city to establish a sidewalk fronting on this property. The owner failed to construct the sidewalk after notice to do so and the city proceeded to construct the sidewalk improvement under SDC 45.16. Work was started in October 1945 and completed during the same month. However, the assessment against the property was not approved by the city commission until September 30, 1946. On October 9, 1946, a certified copy of the special assessment roll and the resolution approving the same were delivered to the office of the municipal treasurer as required by SDC 45.2105. SDC 45.2108 provides as follows: "All special assessments lawfully levied upon real property in any municipality are a perpetual lien thereon as against all persons except the United States and this state from the date of the filing of the certified copy of the assessment roll in the office of the municipal treasurer.

Under this provision of our law the cost of this sidewalk did not become a lien against the property until October 9, 1946, the date when the certified copy of the assessment roll was filed in the office of the municipal treasurer.

The cost of this sidewalk improvement had not been paid by the defendant at the time he sold the property to the plaintiff on May 3, 1946. Plaintiff brought this action against defendant to recover the cost of the sidewalk and based his right of recovery, not upon any breach of covenant of title in the deed, but for damages because of alleged false and fraudulent representations made by the defendant with reference to the sidewalk improvement. At the close of the testimony, the court directed a verdict against the plaintiff and the plaintiff has appealed from the judgment entered upon this verdict. It was apparently the theory of the trial court that the lien for the sidewalk improvement not having attached until after the sale of this property that the plaintiff could not recover from the defendant. The direction of the verdict, no doubt, would find quite general support in the authorities if this action were based upon a breach of covenant of title, Annotation 72 A. L. R. 302, but as stated above, the action is based upon the alleged fraud of the defendant relating to this sidewalk improvement.

At the trial the plaintiff offered to prove by the witness Cullagan, who was a real estate broker, that the defendant had listed the sale of this property with the witness; that the defendant advised the witness that he would not take less than $4.500 for this property because he had expense in building the sidewalk, and when the plaintiff, who dealt with Mr. Cullagan, sought to obtain the property for less than $4,500, Mr. Cullagan advised him that any reduction in price was impossible because defendant had spent this money for the sidewalk. The court refused all of this testimony and the offer of proof. The evidence and offer were objected to by the defendant only upon the grounds that the evidence was hearsay. The evidence was not objected to on the ground that it was not within the pleadings. We are of the opinion that it was error to reject this testimony as hearsay. Mr. Cullagan was a real estate

broker authorized by the defendant to sell this property and any representations made by Cullagan with the express sanction of the defendant are binding upon the defendant. Under the offer of proof it appears that the alleged representations made by Cullagan to the plaintiff were but restatements of the representations made by the defendant to Cullagan and their binding effect upon defendant follow as a matter of course. 8 Am. Jur., Brokers, § 64, Restatement of the Law, Agency, Vol. I, § 63.

 Respondent contends, however, that the question of the authority of the agent to bind the defendant is immaterial, and has argued only the question of whether the lien for the sidewalk improvement had attached at the time of the conveyance. It is respondent's position that the complaint alleges that the fraud consisted only of falsely representing that the property was free from incumbrance when in fact it was encumbered with this special assessment lien at the time of the conveyance, and it follows that the decisive issue in the case is whether there was an incumbrance at the time of the conveyance. The complaint is loosely drawn and we concede that it alleges fraud only as contended by respondent, but the offered evidence of the fraudulent representations of the broker was not objected to on the ground that it was not within the issues raised by the pleading. Had such objection been made the appellant would have been entitled to amend his complaint to include the issue raised by his offer of proof. SDC 33.0914. While it is generally held that if the exclusion of evidence is proper on any ground, the ruling of the trial court will be sustained, although the proper grounds for exclusion were not urged in the objection to the admission of the evidence, nevertheless, if the objection to the evidence not urged might have been obviated if such objection had been presented, the appellate court will not sustain the trial court on the basis of inadmissibility of the testimony on the ground not urged. 4 C. J. S., Appeal and Error, § 291, Rhodes v. Meloy, Tex Civ., 289 S. W. 159.

The judgment appealed from is reversed.

All the Judges concur.