Argued March 6, affirmed March 27, former opinion modified in part; petition for rehearing denied April 24, 1968

# BITHER ET UX, *Respondents, v.* BAKER ROCK CRUSHING CO., *Appellant.*

438 P. 2d 988
440 P. 2d 368

*Thomas J. Moore* and *Mervin W. Brink,* Hillsboro, argued the cause for appellant. With them on the briefs were Brink & Moore, and Allen L. Fallgren, Hillsboro.

*Lamar Tooze, Jr.,* Portland, argued the cause for respondents. With him on the brief were Tooze, Powers, Kerr, Tooze & Peterson, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

This equity case was tried before circuit judge Avery Combs of the Nineteenth Judicial District shortly before his death on October 12, 1966. He had prepared an "opinion" in the case which was filed on September 27, 1966. After Judge Combs's death, Judge Hammond succeeded to his duties in this case. Judge Hammond, in a memorandum, concluded that the opinion of Judge Combs was definite and constituted a satisfactory basis, as findings and conclusions,

for a decree consistent therewith, and he signed and filed the same on March 13, 1967. Specifically, Judge Hammond found that the opinion:

> "* * * was and is determinative of all the issues raised * * * in such clarity to permit a decree. * * * [S]ince this is a suit * * * and no request for findings of fact and conclusions of law were made within the time prescribed by statute, there is no valid reason for the entry of findings and conclusions in a form different from that already entered by the trial judge, or for consideration of any objections * * *."

The complaint requested an injunction prohibiting the carrying on of a rock quarry and crushing operation. Judge Combs's opinion stated that the "evidence clearly established a trespass by defendant * * * repeated and will be repeated * * * unless enjoined." It also stated that the defendant's operations are a nonconforming use under a zoning ordinance applicable to the area; that the operation was interrupted, and, under the ordinance, the interruption would prevent a resumption of the nonconforming use. The opinion states the plaintiffs are entitled to an injunction and asks plaintiffs' attorney to prepare the decree and submit a copy to defendant's counsel "for objections to form." It states the decree should prevent only that which is unlawful under the zoning ordinance. "It will therefore be the ruling of the Court that the plaintiffs are entitled to an injunction in conformity with the prayer of their complaint." The prayer of the complaint is:

> "WHEREFORE, the plaintiffs pray the court for a decree that the defendant, its officers, agents, and employees be permanently enjoined and restrained from the operation of a rock quarry, or any other use or activity in violation of said zon-

ing ordinance, and from the explosion of explosives and the emission of fumes, dust, sounds, and vibrations greater than would occur in the normal and lawful occupation of said Tax Lot 901, and for their costs and disbursements herein incurred."

Defendant has appealed, contending it became entitled to a new trial on Judge Combs's death and that Judge Hammond erred in entering the decree, citing *Parker v. Parker,* 241 Or 623, 407 P2d 855 (1965); *Beardsley v. Hill,* 219 Or 440, 348 P2d 58 (1959); *Ernst v. Logan Oldsmobile Co.,* 208 Or 449, 302 P2d 220 (1956); *Barone v. Barone,* 207 Or 26, 294 P2d 609, (1956); and *Thomsen v. Thomsen,* 118 Or 614, 228 P 832, 245 P 502, 247 P 808 (1926). In *Ernst,* where the trial judge had filed an opinion from which the plaintiff sought to appeal, this court held that it was not a determination of the case from which an appeal could be taken. In *Barone,* we had said:

"* * * [U]ntil a formal judgment or decree is finally entered of record, the case remains in the bosom of the court * * *." 207 Or at 30.

The decisions in the other cited cases generally are similar. None of them involves a situation where a judge has died or resigned after rendering a decision and before reducing it to formal judgment or decree.

Defendant contends these cases overrule *Jordan Val. Irrig. Dist. v. Title & Trust,* 154 Or 76, 58 P2d 606 (1936). They do not cite, let alone discuss it. In *Jordan,* a succeeding judge entered a decree based on a written opinion filed before his death by his predecessor. After examining the predecessor's opinion, this court said:

"* * * The opinion settled the issues and directed the kind of decree to be entered. * * *

> The opinion is a determination of the suit and it constitutes findings of fact  *  *  *. While the opinion of Judge Wood was not entitled Findings of Fact and Conclusions of Law, the opinion very plainly states all the necessary facts and determines the case  *  *  *."

We do not agree that *Jordan Valley* has been overruled. It did not purport to decide whether an opinion of a judge who continues to be in office is or could be an order, a judgment, or a decree, as do the cases relied upon by defendant. Rather, it decided under what circumstances a successor may enter a decree based on the opinion, findings, or determinations left by his predecessor. The answer it gives is that he may, if the opinion or findings or determination—and we deem its name not important—in substance, "plainly states all the necessary facts and determines the case." The fact the predecessor judge, had he lived, may have changed his mind is unimportant. A judge who continues in office may, within a limited period of time, do that even after he has rendered what is termed a final decree and change the decree accordingly.

The defendant urges upon us the decisions in *State ex rel Wilson v. Kay*, 164 Wash 685, 4 P2d 498 (1931), and *Hawley v. Priest Rapids Ice & Cold Stor. Co.*, 172 Wash 71, 19 P2d 400 (1933), in each of which the trial judge died after announcing a decision and before entering a decree. In the first it was an oral opinion from the bench; in the second it was a written opinion. In each the Washington Supreme Court held the successor could not enter decree based thereon. The language defendant quotes from *Hawley* upholds defendant's position in this case:

> "*  *  * Such a memorandum has no greater

force than an oral opinion rendered from the bench. Of itself, it effects nothing   *   *   *." 172 Wash at 73.

But the opinion notes also that the trial judge's opinion could not be regarded as a finding of facts for it asked counsel to prepare and submit them. In the instant case Judge Combs directed plaintiffs' counsel to prepare and submit, not findings of fact and conclusions of law, but, a decree, and submit it to the opposing counsel "for objections to form."

Furthermore, in *Hawley* the Washington court pointed out that in *State ex rel Bloom v. Superior Court,* 171 Wash 536, 18 P2d 510 (1933), decided only a few months previously, where a judge had formally adopted findings and conclusions prepared by a court-appointed auditor and later the same day resigned and ceased then to be a judge, the Washington Supreme Court had required by mandamus that a decree should be entered thereon by the successor. In that case it set up much the same test we did in *Jordan Valley:*

> "*   *   * They [the findings and conclusions] set up as judicially established certain facts which theretofore were in dispute, and the conclusions drawn from the facts found call for a judgment against the defendant, the terms and nature of which are clearly and definitely indicated   *   *   *." 171 Wash at 538-539.

The opinion then continues with an extended discussion of the reasons why the successor should enter the decree. This decision was followed in *State ex rel Nelson v. Superior Court,* 184 Wash 97, 49 P2d 903 (1933).

As indicated in Judge Hammond's memo in the instant case, if defendant had before trial requested

"special findings of fact, and  *  *  * separately  *  *  * conclusions of law  *  *  *," in conformance with ORS 17.431(1), our decision necessarily would be different. His decision is consistent with ORS 17.431(2), which states:

> "In the absence of such a demand for special findings the court may make either general or special findings."

■ We hold that Judge Hammond correctly determined that Judge Combs's opinion was definite and the decree based thereon is valid.

The defendant asserts one assignment of error to the decree itself: that the trial court erred in holding that there was a discontinuance of use by defendant under the zoning ordinance.

Judge Combs's opinion, and the decree based upon it, each state two bases for injunction: (1) against operation of a rock quarry, or other use or activity in violation of the zoning ordinance; (2) against explosives and emission of fumes, dust, sounds and vibrations greater than would occur in lawful occupation of the land in conformity with the zoning ordinance. The first is an injunction against a use that violates a zoning ordinance, and the second is an injunction against a trespass, and simply measures what may not be done under the injunction by the limits found in the zoning ordinance. Each is based upon a separate cause of action.

Judge Combs's opinion states:

> "* * * [T]he evidence clearly established a trespass by defendant both by way of concussion and vibration and also by way of deposit of dust and debris upon plaintiffs' lands * * *.
> "* * *

"* * * [T]he zoning ordinance provides no guide lines as to what constitutes an interruption [but] I feel that a discontinuance of use for over a year would have to be considered as an interruption under the ordinance which would prevent a resumption of the nonconforming use."

It does not appear that defendant by its one assignment of error has challenged (2), that is, the finding of trespass. The tenor of defendant's reply brief makes it appear that the confusion has arisen by reason of defendant not correctly construing the findings and decree, and we will consider the third assignment defendant makes as though it does challenge (1) and (2).

Inasmuch as the cause of action for trespass was pleaded first in the complaint, it will be first considered. In *Martin et ux v. Reynolds Metals Co.*, 221 Or 86, 342 P2d 790 (1960), Mr. Justice O'CONNELL for the court said that trespass and public nuisance may be:

"* * * distinguished by comparing the interest invaded; an actionable invasion of a possessor's interest in the exclusive possession of land is a trespass; an actionable invasion of a possessor interest in the use and enjoyment of his land is a nuisance * * *.

"The same conduct on the part of a defendant may and often does result in the actionable invasion of both of these interests * * *. * * * [T]he courts' treatment of the invasion solely in terms of the law of nuisance does not mean that the same conduct could not also be regarded as a trespass * * *." 221 Or at 90.

And trespass was defined as:

"* * * any intrusion which invades the possessor's protected interest in exclusive possession, whether that intrusion is by visible or invisible

pieces of matter or by energy which can be measured only by the mathematical language of the physicist." 221 Or at 94.

The plaintiffs have owned and occupied their property for many years. Prior to March 1961 a small rock quarry was operated on subject property, then defendant acquired it and increased the operation. Evidence indicates that interim zoning became effective on the property in April 1961 and a permanent zoning ordinance was adopted in August 1962.

A review of the transcript leads to one clear conclusion—that defendant increasingly trespassed upon plaintiffs' protected interest in the possession of their property from the spring of 1963 until the middle of May 1965. Defendant caused dynamite explosions which produced violent concussion, vibration from noisy and powerful rock crushing machinery, fumes, and deposit of dust, all of which constituted a trespass.

■ In *York et ux v. Stallings et al*, 217 Or 13, 341 P2d 529 (1959), Mr. Chief Justice McALLISTER cited authorities and discussed the law applicable in Oregon to injunctions for trespass of the general nature found here. The issuance of an injunction is discretionary. Among factors for the court to consider are clarity of proof, character of the area, nature of the industry, and priority of occupation of the respective parcels of land. The evidence with reference to each factor here is favorable to plaintiff and unfavorable to defendant. It is difficult to see how the defendant can be allowed to continue a rock crushing operation even approaching its magnitude in 1964 and 1965, if the plaintiffs and their neighbors are to continue the peaceful occupation of this residential area. The discretion exercised by the trial court is supported by

considerations of fact and equity. The injunction under (2), supra, was correctly issued.

Defendant says the trial court erred in finding there was a discontinuance of use by defendant under the zoning ordinances.

■ The zoning ordinance for Washington County makes defendant's operation nonconforming in this area. It states:

> "If a nonconforming use is discontinued for any reason for more than six (6) months, it shall not be re-established * * *." Section 2004-1, Zoning Ordinance for Washington County.

The authority for this provision, and the limit of its restrictiveness, is ORS 215.130(5):

> "* * * [S]uch nonconforming uses shall not be increased, changed or resumed after a period of interruption or abandonment * * *."

The statute leaves to the ordinance a further definition of what is an interruption or abandonment. The discontinuance provision quoted from the ordinance appears to fall reasonably within the authority of the statute. However, the evidence does not clearly support the finding that the rock quarry was discontinued or interrupted. Extensive crushed rock was stockpiled before the explosions and crushing stopped in May 1965. Sales of rock continued, and Mr. Baker testified that he had an intention of continuing the operation. There was no evidence to the contrary, except that crushing of rock ceased for a substantial period of time. This was not discontinuance of the business.

In equity the case is tried anew in this court upon the record. ORS 19.125(2). The complaint asked for an injunction based on the zoning ordinance in two regards: first, that the nonconforming use has been

increased; and second, that it was resumed after an interruption or abandonment. Judge Combs's finding was directed toward the latter.

ORS 215.130(5), supra, states, *inter alia,* that nonconforming uses shall not be "increased." Sections 2001 through 2008 of the Washington County ordinance deal with the nonconforming uses. They state the ultimate purpose of the regulations is to change nonconforming uses to conforming uses, or effect their discontinuance. Section 2003-1 provides:

> "A nonconforming * * * use may not be changed or altered in any manner unless such change * * * more nearly conforms * * *."

As previously stated, § 2004-1 provides that a discontinuance of a nonconforming use for more than six (6) months prevents resumption thereof.

The statute and ordinance prohibit an increase in a nonconforming use. The testimony for plaintiffs, and defendant's own testimony, overwhelmingly supports the conclusion that from 1963 to 1965 the defendant vastly increased the frequency and strength of rock-loosening explosions and power and variety of machinery. The output of crushed rock sometimes became as much in one shift as a year's output had been in early 1961.

The trial judge heard the evidence and visited the premises. He found that the emission of dust, smoke, noise, and the violence of the explosions was extensive. Our examination of the record bears out his findings, and we give much weight to them, as was done by the appellate court in a similar quarry case, *McCaslin v. City of Monterey Park,* 163 Cal App 2d 339, 350, 351, 329 P2d 522 (1958).

No Oregon cases appear to be in point. In *Oregon City v. Hartke,* 240 Or 35, 400 P2d 255 (1965), where a city, under a different enabling act than the one here involved, excluded automobile wrecking yards from all zones, we held it valid. The wrecking yard was a nonconforming use whose owners were seeking to expand on additional abutting property. We did not discuss the expansion feature of the case, but held the exclusionary feature of the ordinance was constitutionally valid and it did prevent the expansion.

In *City of Fontana v. Atkinson,* 212 Cal App 2d 499, 28 Cal Rptr 25 (1963), at page 504, after reviewing numerous authorities, the court held a zoning ordinance could validly prohibit the increase of a nonconforming use where 80 cattle were kept on a tract when the ordinance was enacted, and the number was increased to 130 or 140. Generally, it appears that a normal increase in the volume of a nonconforming business cannot be prohibited. 8A McQuillan on Municipal Corporations § 25.207 (3rd ed 1965).

■ Where, as here, the type of nonconforming use is offensive to the prevalent use in the surrounding area, and its volume has vastly increased since zoning, we hold the prohibition against an increase is valid. The prohibition was validly applied. An injunction against further nonconforming use is justified. We do not agree that it should issue on the ground of interruption or discontinuance of the use.

■ Where a trial judge makes a proper ruling, but upon an improper ground, his judgment or decree based thereon will, of course, be affirmed.

The decree of the circuit court granting an injunction based upon trespass and the zoning ordinance is in all respects affirmed. Costs to plaintiffs.

Brink & Moore, Hillsboro, for the petition.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Defendant's petition for rehearing argues that the injunction approved in our opinion abates all of defendant's rock quarrying activities on the subject property; that it should only enjoin such activities that are in excess of the level that existed at the time of adoption of the zoning ordinance in 1961. The injunction, as noted in our former opinion, is based upon (1) a violation of the zoning ordinance, and (2) trespass, completely independent of the violation of the zoning ordinance. Each uses the prohibition of the zoning ordinance as the measure of what is enjoined.

■ In speaking of the injunction issued on the basis of (1)—a prohibited increase in a nonconforming use under the zoning ordinance—we said that this violation justified an injunction against further nonconforming use. Such appears to be the rule where there is an interruption or abandonment of a nonconforming use. But it is questionable whether this is so where there has been a prohibited increase. There are few precedents on the subject and we have found only one on whether a prohibited increase in a nonconforming use will result in a loss of the entire use. In *Lehmaier v. Wadsworth,* 122 Conn 571, 577, 191 A 539 (1937), where a nonconforming use was "extended," the court said the enjoinder of the violation would pertain only to the extended use and "would not * * * work a loss of the other nonconforming uses." It seems reasonable that the facts of any particular

case should be controlling in deciding the effect of the violation upon the entire use.

■ The facts of any given case also are given major consideration in determining whether the objectionable activity should be completely enjoined where there is a trespass completely independent of violation of a zoning ordinance. *York et ux v. Stallings et al,* 217 Or 13, 341 P2d 529 (1959).

Many cases illustrate this point. See Annotation, 47 ALR 2d 490 (1956) and ALR 2d Later Case Service. Some courts will completely enjoin future operations, and some will only restrict.

We found that defendant "increasingly trespassed upon plaintiff's protected interest * * * from the spring of 1963 until the middle of May 1965. Defendant caused dynamite explosions which produced violent concussion, vibrations from noisy and powerful rock crushing machinery, fumes, and deposit of dust, all of which constituted a trespass."

■ We are persuaded that the measure of the injunction under (2) should be modified to prohibit these described activities which we found constitute a trespass.

■ Under (1), the injunction is modified to prohibit any rock quarrying or crushing activities which constitute an increase over the volume or level that existed at the time of adoption of the interim zoning ordinance.

Our previous opinion is modified accordingly. The decree of the court below is therefore affirmed except as herein stated and the cause is remanded to the court below with instructions to enter a decree in accordance herewith.

The petition for rehearing is in all other respects denied.