440 P.2d 368 (1968)
F.O. BITHER and Gertrude Bither, Husband and Wife, Respondents,
v.
BAKER ROCK CRUSHING CO., an Oregon Corporation, Appellant.
Supreme Court of Oregon, Department 1.
April 24, 1968.
Brink & Moore, Hillsboro, for the petition.
Before PERRY, C.J., and McALLISTER, O'CONNELL, DENECKE and LANGTRY, JJ.
LANGTRY, Justice pro tem.
Defendant's petition for rehearing argues that the injunction approved in our opinion abates all of defendant's rock quarrying activities on the subject property; that it should only enjoin such activities that are in excess of the level that existed at the time of adoption of the zoning ordinance in 1961. The injunction, as noted in our former opinion, is based upon (1) a violation of the zoning ordinance, and (2) trespass, completely independent of the violation of the zoning ordinance. Each uses *369 the prohibition of the zoning ordinance as the measure of what is enjoined.
In speaking of the injunction issued on the basis of (1)  a prohibited increase in a nonconforming use under the zoning ordinance  we said that this violation justified an injunction against further nonconforming use. Such appears to be the rule where there is an interruption or abandonment of a nonconforming use. But it is questionable whether this is so where there has been a prohibited increase. There are few precedents on the subject and we have found only one on whether a prohibited increase in a nonconforming use will result in a loss of the entire use. In Lehmaier v. Wadsworth, 122 Conn. 571, 577, 191 A. 539, 541 (1937), where a nonconforming use was "extended," the court said the enjoinder of the violation would pertain only to the extended use and "would not * * * work a loss of the other nonconforming uses." It seems reasonable that the facts of any particular case should be controlling in deciding the effect of the violation upon the entire use.
The facts of any given case also are given major consideration in determining whether the objectionable activity should be completely enjoined where there is a trespass completely independent of violation of a zoning ordinance. York et ux v. Stallings et al, 217 Or. 13, 341 P.2d 529 (1959).
Many cases illustrate this point. See Annotation, 47 A.L.R.2d 490 (1956) and A.L.R.2d Later Case Service. Some courts will completely enjoin future operations, and some will only restrict.
We found that defendant "increasingly trespassed upon plaintiff's protected interest * * * from the spring of 1963 until the middle of May 1965. Defendant caused dynamite explosions which produced violent concussion, vibrations from noisy and powerful rock crushing machinery, fumes, and deposit of dust, all of which constituted a trespass."
We are persuaded that the measure of the injunction under (2) should be modified to prohibit these described activities which we found constitute a trespass.
Under (1), the injunction is modified to prohibit any rock quarrying or crushing activities which constitute an increase over the volume or level that existed at the time of adoption of the interim zoning ordinance.
Our previous opinion is modified accordingly. The decree of the court below is therefore affirmed except as herein stated and the cause is remanded to the court below with instructions to enter a decree in accordance herewith.
The petition for rehearing is in all other respects denied.