Argued January 5, affirmed May 31, 1968

ROBERT F. PAKOS, *Appellant, v.*
WARNER ET AL, *Respondents.*

LILLIAN J. PAKOS, *Appellant, v.*
WARNER ET AL, *Respondents.*

441 P. 2d 593

*Charles E. Hodges, Jr.,* Portland, argued the cause and filed briefs for appellants.

*R. Vernon Cook,* Gresham, argued the cause and filed a brief for respondents Nilsen. With him on the briefs for respondents were Warner, Jensen, Sandin, Neuhaus, Ellingson and Scott, Potts & Powers, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

There are numerous lawsuits and parties involved in these appeals; however, it is not necessary for the purpose of this decision to state all the procedural steps which culminated in the issue now on appeal.

Plaintiffs filed actions they denominated actions to recover damages for abuse of process. These actions were dismissed upon the court's own motion for lack of prosecution. Within one year after the dismissal, but after the applicable two-year statute of limitations had expired, the plaintiffs refiled their lawsuits. The defendant Taylor demurred upon the ground that the statute of limitations had run. His demurrers were sustained and subsequently the plaintiffs' complaints against Taylor were dismissed and judgments entered for Taylor.

Plaintiffs filed their amended complaints omitting Taylor as a defendant. The defendant Warner and others demurred to the amended complaints upon the

ground that the statute of limitations had run. The defendant Nilsen moved to strike the complaints upon the ground that they were frivolous, the court having previously sustained demurrers to identical complaints because the statute of limitations had run. The court entered judgments dismissing the complaints. It is these judgments of dismissal in favor of all defendants except Taylor that are attacked upon appeal.

ORS 12.220 provides:

"* * * [I]f an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof * * * after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal * * *."

■ In *Haworth v. Ruckman*, 249 Or 28, 436 P2d 733 (1968), decided after the briefs in this case had been filed, we decided that termination of an action by a voluntary nonsuit taken before trial is not an "action * * * dismissed upon the trial" and, therefore, is not within the saving clause of the statute. *A fortiori* an action dismissed by the court for lack of prosecution is not an "action * * * dismissed upon the trial" and not within the saving clause of ORS 12.220; therefore, the second action was not timely filed.

■ The trial court's orders dismissing the complaints, prepared by the defendants, state that the judgments previously entered for Taylor afford relief to the remaining defendants who did not join in Taylor's demurrer. If this were the basis for the court's orders, the reason was in error; however, a judgment will be affirmed if it is correct, as the judgment here is, although an incorrect reason was stated as a basis

for the judgment. *Reid v. Reid,* 219 Or 500, 512, 348 P2d 29 (1959).

█ The correctness of the trial courts' ruling is also questioned because the defendant Nilsen did not demur, but filed a document labeled "Motion to Strike." The motion, however, asserted that the statute of limitations had run and the trial court treated the document as raising the issue; therefore, the motion was sufficient to present the issue of the statute of limitations. *Schultz v. First Nat. Bk. of Portland,* 220 Or 350, 355, 348 P2d 22, 81 ALR2d 1121 (1960).

Affirmed.