Argued October 30, 1968, affirmed January 15, petition for rehearing denied February 11, 1969

## ELEANOR WALLS, *Respondent, v.*
## CLARK ET AL, *Defendants,*
## and
## WELLS, *Appellant.*

449 P. 2d 141

See also, 252 Or 421, 449 P2d 144.

*Robert W. Collins,* Pendleton, argued the cause for appellant. On the briefs were Fabre, Collins & Ehlers, Pendleton.

*Lawrence B. Rew,* Pendleton, argued the cause for respondent. With him on the brief were Corey, Byler & Rew, Pendleton.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Goodwin, Denecke, Holman and Mengler, Justices.

HOLMAN, J.

This is an action to recover for personal injuries suffered in an automobile accident. A judgment was rendered against the defendant Mary Wells alone, from which she appeals.

The accident occurred on Highway 30 west of Pendleton. The traffic moving easterly toward Pendleton was heavy because it was the morning of the Westward Ho parade which was part of the Pendleton Roundup. All vehicles involved were traveling in this direction. The scene of the accident was west of the brow of a hill on an ascending straight stretch of road. Plaintiff contended that a vehicle operated by the defendant, Mary Wells (hereinafter referred to as defendant), overtook and passed part of a continuous line of traffic moving toward Pendleton when it was met by a truck going in the opposite direction as it came over the brow of the hill. It was claimed this forced the overtaking vehicle back into the continuous line of traffic,

causing those cars behind to slacken rapidly speed which caused four of them, some distance back in line, to become involved in successive rear-end collisions. Plaintiff was a passenger in the third car involved which was operated by her husband. The defendants Clark were the operators of the fourth vehicle, the one which rear-ended the vehicle in which plaintiff was riding.

Defendant first contends that the court erred in allowing the attorney for the defendants Clark to ask for and receive an answer from the investigating police officer to the effect that plaintiff and her husband told the officer that the accident was caused by the vehicle operated by defendant and said nothing about any culpability on the part of the Clarks. Defendant argues the testimony was hearsay. The questioned statements of the plaintiff were hearsay, self-serving and inadmissible in the action against defendant, but admissible as admissions of a party in the action against the Clarks. The statements were inconsistent with plaintiff's contention that the Clarks were at fault and as such were admissible upon behalf of the Clarks. *Haltom v. Fellows,* 157 Or 514, 522, 73 P2d 680 (1937). The statement made by plaintiff's husband was not objected to by her but, rather, she agreed with it. Her acquiescence to her husband's statement was similarly admissible as an admission of a party. Evidence admissible as to one of two joint defendants but not as to the other is not thereby rendered inadmissible. 29 Am Jur2d 311, Evidence § 262. Defendant had the right to request an instruction that the evidence should not be considered as to her, but she did not request such an instruction. Where evidence is admissible for a limited purpose only, it is not the duty of the judge to instruct the jury as to such purpose un-

less requested to do so. *Foster v. University Lumber Co.*, 65 Or 46, 65, 131 P 736 (1913) ; *Daggett v. Atchison, T. & S.F. Ry. Co.*, 48 Cal2d 655, 313 P2d 557, 564 (1957).

Defendant next contends, through various assignments of error, that there was no evidence that her passing of the vehicles caused the collision which resulted in plaintiff's injuries. The following is part of the testimony relative to the density of the traffic by a witness who was a passenger in a car following those involved in the collision:

"Q And how many cars were in front of the automobiles that were involved in the accident?
"A I don't know.

"Q Did they extend clear over the rise in the hill?
"A Yes. There was cars, just as a solid line of cars.

"Q As far as you could see?
"A Yes."

A witness who was the operator of one of the vehicles in the collision testified relative to the manner in which defendant operated her car as follows:

"Q I just want to know what you saw. What did you see that red and white Cadillac do when the P.I.E. truck came over the hill?
"A It pulled back into the line of traffic.

"Q Okay. What did the cars immediately ahead of you do after she pulled back in?
"A They all braked."

■ Subsequently this witness admitted that she could not tell the amount of distance between the car immediately ahead and the car immediately behind the point where defendant re-entered the line of traffic

after defendant's passing motion. She also admitted she could not see the stop lights of the car immediately behind defendant after defendant re-entered the line of traffic, but she still insisted that she could see that car slow down after defendant's re-entry. It is our opinion that the evidence of the continuous line of traffic, together with that of the slowing of the traffic behind the place where defendant re-entered the eastbound lane, was sufficient to permit the jury to draw the inference that defendant's re-entry was the cause of the resulting collisions among the following vehicles.

■ Defendant next contends the court erred in instructing the jury relative to defendant's duty of lookout and control, because she claims there was no evidence of lack of either on her part. The jury could have inferred she did not see the brow of the hill or the continuous line of cars ahead of her which rendered it inadvisable for her to attempt to pass. It could also infer from the action of the cars behind the place where defendant re-entered the line of traffic that she had inadequate control of her vehicle. Lookout and control are interrelated.

■ Defendant also contends that the court erred in giving an instruction relative to speed and an instruction relative to signaling before starting, stopping or turning from a direct line, without telling the jury that the two instructions had no application to defendant. It was proper to give the instruction as to speed because plaintiff alleged speed against the defendants Clark. It was also proper to give the instruction relative to signaling before stopping, etc., because the Clarks introduced evidence that the driver of the vehicle in which plaintiff was riding stopped the vehicle in front of them abruptly without a signal of any kind. There was no pleading of the negligence of the driver

of the vehicle in which plaintiff was riding because he was not a party to the case and such a pleading would not have been proper. Nevertheless, when such third party's actions come into question it is not error for the court to give instructions concerning them.

■■■■ While it was proper to give the instructions, the court should have limited them to the persons to whom they were applicable. However, it is our opinion that the defendant did not sufficiently raise the point by her exceptions. In both instances, the defendant merely excepted to the giving of the instruction on the ground that there was no evidence of any negligence of that particular kind on the part of the defendant. It was not error to give the instructions. The error was in failing to limit their application. The exception should have been taken on this ground.

The judgment of the trial court is affirmed.