Argued January 20, affirmed March 1, 1976

STATE OF OREGON, *Respondent,*
*v.*
ROBERT LEON HENRY, *Appellant.*
(No. 74-168 C, CA 4705)
546 P2d 769

*J. P. Harris, II,* Salem, argued the cause and filed the brief for appellant.

*Catherine Allan,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

**FOLEY, J.**

This is an appeal from a judgment resulting from a jury verdict of manslaughter and 10-year sentence of imprisonment imposed thereon. Although defendant makes several assignments of error, the principal question on appeal is whether the trial court improperly denied defendant's motion for a jury view of the scene of the crime because defendant declined to assume liability for the cost of the viewing. Defendant contends that the trial court was without authority to condition the opportunity for the jury view upon his bearing the expense thereof.

The trial court is authorized by statute to determine whether a view should be granted to assist a jury in its deliberations. *State v. Black,* 193 Or 295, 236 P2d 326 (1951); *State v. Mershon,* 1 Or App 314, 460 P2d 363 (1969), Sup Ct *review denied* (1970). The statutory basis of the authority is ORS 17.230, which provides:

> "Whenever, in the opinion of the court, it is proper that the jury should have a view of real property which is the subject of the litigation, or of the place in which any material fact occurred, it may order the jury to be conducted in a body, in the custody of a proper officer, to the place, which shall be shown to them by the judge or by a person appointed by the court for that purpose. While the jury are thus absent, no person, other than the judge or person so appointed, shall speak to them on any subject connected with the trial."[1]

The record shows that the trial court based its denial of defendant's motion for a viewing on defendant's refusal to assume responsibility for the cost of the view.

> "MR. BOZGOZ: This is a criminal case and the defendant is entitled to request a jury view and that would be within the discretion of the Court.

---

[1] This authority is expressly made applicable to the regulation of criminal trials by ORS 136.330(1), which provides:

> "ORS 17.210, 17.220 to 17.230, 17.255 and 17.305 to 17.360 apply to and regulate the conduct of the trial of criminal actions."

"THE COURT: Is the defendant indigent?

"MR. BOZGOZ: No, the defendant is not indigent.

"THE COURT: Do you have some authority that says that it should be an expense of the State?

"MR. BOZGOZ: Well, all criminal cases are an expense of the State and if the defendant is found guilty of it the defendant can be charged with the expense but if he is found innocent the defendant cannot be charged with any expenses of the trial.

"* * * * *

"THE COURT: Maybe the Court should say something about this jury view. Mr. Bozgoz, the Court would allow a view if the defendant bears the expense. The Court views this as something that the party requests such as other sorts of aid in a trial."

It is impossible to tell from the colloquy with counsel and statement of the court whether the court in denying the view intended to say that (1) a jury view was proper and desirable but that the court would allow it only if defendant paid for it or (2) the court did not consider that a jury view would be helpful in providing a fair trial, but the court would allow a view if defendant paid for it.

We need not decide what the court intended. It is sufficient to say that the court denied the view. Our examination of the record convinces us that the denial of the view was proper whether or not the court's reason for denying it was correct. An erroneous reason for a proper ruling will not vitiate it. *Pakos v. Warner,* 250 Or 203, 441 P2d 593 (1968). Defendant made no showing of any need for or even the desirability of a jury view. In fact, in the presentation of the case both the state and defendant made liberal use of a large (approximately 4' x 6'), to-scale map of the scene of the homicide and the surrounding area. The record indicates that no witness had any particular problem in describing the scene in evidence, nor did any witness experience trouble in relating his testimony with the aid of the map. Indeed, it is difficult to see in what way

a view would have aided the jury. The trial court's denial of the view was correct.

We believe that no useful purpose would be served by discussing at length the remaining assignments of error regarding the denial of defendant's motions to suppress certain inculpatory statements made by him after he was apprised of his *Miranda* rights and with respect to the denial of defendant's motion for judgment of acquittal. Suffice it to say that the historical facts support the trial court's finding that defendant's interrogation ceased when it became apparent to the state that defendant was represented by counsel and that thereafter the defendant voluntarily waived his right to remain silent. *Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968); *see State v. William D. Smith,* 4 Or App 130, 476 P2d 802 (1970). Finally, we conclude that the state introduced sufficient evidence of a circumstantial nature to permit a jury to find the defendant guilty of manslaughter beyond a reasonable doubt. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974); *see also State v. Sack,* 210 Or 552, 300 P2d 427 (1956), *appeal dismissed* 353 US 962 (1957).

Affirmed.

**SCHWAB, C. J.,** specially concurring.

I concur, but wish to note that I do not think the trial judge committed error, harmless or otherwise. The cost of a bus to transport the jury to the scene at the request of the defendant would not have been a cost of prosecution, it would have been a cost of defense. I know of no constitutional doctrine requiring that a non-indigent defendant in a criminal case be provided his costs of defense. I know of no statute requiring the state to transport at its expense a jury to the scene of a crime whenever the defendant desires and the court allows a jury view.